# In the United States Court of Federal Claims

No. 11-123 C

(Filed December 3, 2013)

* * * * * * * * * * * * * * * * * * * *
OVERSEAS LEASE GROUP,       *
INC.,                                           *
                                                    *
            *Plaintiff*,                    *
                                                    *
        v.                                       *
                                                    *
THE UNITED STATES,           *
                                                    *
            *Defendant*.                 *
* * * * * * * * * * * * * * * * * * * *

## **ORDER**

      Now pending before the court is Plaintiff Overseas Lease Group, Inc.'s (Overseas) Motion to Dismiss Defendant's Amended Answer and Counterclaims pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). Plaintiff's motion has been fully briefed and is ripe for a decision by the court. For the reasons specified below, the court denies plaintiff's motion to dismiss but will allow the parties an opportunity to file motions for summary judgment under RCFC 56.

      In this relatively straightforward breach of contract action, Overseas sued the government for damages arising out of an indefinite delivery, indefinite quantity contract for the lease of vehicles by Overseas to the government for use in military operations in Afghanistan. The contract provided for a one-year base period and four one-year option periods. In a four-count complaint filed February 28, 2011, plaintiff alleged that the government breached the contract by failing to compensate Overseas for damage to certain leased vehicles (Counts I and II), by forcing Overseas to accept lease renewals for less than the twelve-month minimum lease term required by the contract (Count III), and by failing to exercise all four option periods under the contract (Count IV). On August 24, 2012, the court

granted summary judgment to plaintiff on the issue of liability with respect to Counts I, II, and III.[1]  *Overseas Lease Group I*, 106 Fed. Cl. 644.  The sole remaining issue with respect to plaintiff's claims is the quantum of damages to be awarded.

On January 24, 2013, plaintiff filed a motion for partial summary judgment regarding the quantum of damages as to Count II.  Rather than filing a response to plaintiff's motion for partial summary judgment, defendant instead filed an amended answer in which it asserted four fraud-based counterclaims.  In its counterclaims, defendant alleges that Overseas submitted to the government erroneously inflated claims for the replacement of certain damaged vehicles, and also submitted falsified documentation in support of those claims.  Defendant seeks damages for Overseas' alleged fraud under the Contract Disputes Act (CDA), 41 U.S.C. § 7103(c)(2) (Supp. V 2011) (Count II), and the False Claims Act (FCA), 31 U.S.C. § 3729 (Supp. V 2011) (Count III).  In addition, defendant seeks forfeiture of each of plaintiff's claims pursuant to the special plea in fraud, 28 U.S.C. § 2514 (2006) (Count I), as well as the common law of fraud (Count IV).  Plaintiff moved to dismiss defendant's counterclaims pursuant to RCFC 12(b)(6) on July 16, 2013.  By order dated July 25, 2013, the court suspended all current deadlines in this case, including all further briefing on plaintiff's motion for partial summary judgment, pending the court's resolution of plaintiff's motion to dismiss.

In its motion to dismiss, plaintiff argues that all four counts of defendant's counterclaims should be dismissed under RCFC 12(b)(6) because the government's allegations do not plausibly demonstrate that Overseas submitted false claims or acted with fraudulent intent.  Plaintiff also seeks dismissal of defendant's common law fraud claim (Count IV) because the government has not alleged that the contract was tainted by fraud at its inception.  Finally, plaintiff contends that Counts I and IV of defendant's counterclaims should be dismissed because forfeiture of plaintiff's claims would constitute an excessive fine in violation of the Eighth Amendment to the United States Constitution.

Unfortunately, the court is unable to dispose of plaintiff's motion to dismiss under RCFC 12(b)(6).  Both parties have attached numerous exhibits to their briefs submitted in connection with plaintiff's motion to dismiss, and both parties rely

---

[1]/  The court had previously dismissed Count IV under RCFC 12(b)(6).

extensively on those exhibits in support of their respective contentions.  The court cannot consider the merits of these arguments without considering the documents themselves, and doing so would require a conversion of plaintiff's motion to a motion for summary judgment.  *See* RCFC 12(d) ("If, on a motion under RCFC 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under RCFC 56."); *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1164 (Fed. Cir. 1993) (vacating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) where the trial court had considered materials outside the pleadings, because in those circumstances "the rules governing summary judgment must apply").

The court cannot treat plaintiff's RCFC 12(b)(6) motion to dismiss as a RCFC 56 motion for summary judgment without first providing notice and a "reasonable opportunity" to litigate plaintiff's motion through the procedures afforded by RCFC 56.  RCFC 12(d); *see also Easter v. United States*, 575 F.3d 1332, 1335 (Fed. Cir. 2009) ("Before the court may convert a motion for judgment on the pleadings into a motion for summary judgment, the court must ordinarily provide notice of its intention to do so."); *Advanced Cardiovascular*, 988 F.2d at 1164 ("[O]n motion to dismiss on the complainant's pleading it is improper for the court to decide the case on facts not pleaded by the complainant, unless the complainant had notice thereof and the opportunity to proceed in accordance with the rules of summary judgment.") (citations omitted); *Selva & Sons, Inc. v. Nina Footwear, Inc.*, 705 F.2d 1316, 1322 (Fed. Cir. 1983) ("'The notice requirements of Rule 12 guarantee that the automatic change of a motion to dismiss into a motion for summary judgment will not be accomplished by an unforeseeable thrust with no chance to parry.  Notice is ascendant and primary in the Federal Rules.  They do not tolerate foils of obfuscation.'" (quoting *Georgia S. and Florida Ry. Co. v. Atl. Coast Line R.R. Co.*, 373 F.2d 493, 498 (5th Cir. 1967))).

Plaintiff has not moved in the alternative for summary judgment, and defendant has not yet been afforded notice and a "reasonable opportunity" to respond to plaintiff's motion in accordance with the rules of summary judgment.  While the rules of this court ostensibly allow it to simply provide notice and unilaterally convert the pending motions, the court concludes that justice would be better served by permitting the parties to fully ventilate their arguments through utilization of the proper briefing mechanisms provided under the rules.  Accordingly, the court denies plaintiff's motion to dismiss and will allow the

parties an opportunity to advance their respective contentions concerning defendant's fraud counterclaims by filing motions for summary judgment under RCFC 56.

Accordingly, it is hereby **ORDERED** that

(1) Plaintiff's Motion to Dismiss Defendant's Amended Answer and Counterclaims Under Rule 12(b)(6), filed July 16, 2013, is **DENIED**;

(2) Plaintiff shall **FILE** a **Motion for Summary Judgment** with respect to defendant's fraud counterclaims on or before **January 6, 2014**; and

(3) Defendant shall **RESPOND** to plaintiff's Motion for Summary Judgment, and may also **FILE** a **Cross-Motion for Summary Judgment**, in accordance with the rules of this court.

/s/Lynn J. Bush
LYNN J. BUSH
Senior Judge